Filed 4/23/13  In re Anthony S. CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re Anthony S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Anthony S.,<br><br>        Defendant and Appellant. | A135967<br><br>(Sonoma County<br>Super. Ct. No. 35556-J) |

After participating in a gang-related attack and being found in possession of marijuana, defendant was re-adjudged a ward of the juvenile court.  Various probation violations followed, and the court authorized, prior to his 18th birthday, the prospect of incarceration in adult jail.  On appeal, defendant challenges the adult jail authorization and the length of his commitment.  He also claims the court failed to correctly calculate his maximum term of confinement and his custody credits.  We modify the judgment to strike the portion of the order relating to an adult jail commitment.  We also modify it to correct defendant's presentence custody credits, and affirm the judgment as modified.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On June 3, 2010, defendant and group of juveniles surrounded, threatened, and pushed a couple who had objected to the teenagers' loud, drunken behavior at their apartment complex.  The woman who was threatened was clearly pregnant.  The

juveniles yelled "Norte" several times. All seven suspects were arrested and detained at juvenile hall.

On June 4, 2010, the district attorney filed a wardship petition under Welfare and Institutions Code section 602,[1] alleging that defendant, then age 15 and previously a ward of the juvenile court, was involved in a public fight. The offense was charged as a felony due to a gang enhancement. (Pen. Code, §§ 415, subd. (1), 186.22, subd. (d); Count 1.) The petition also alleges defendant's participation in a criminal street gang (§ 186.22, subd. (a); Count 2), and that he had been in possession of not more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (b); Count 3).

June 8, 2010, defendant admitted Count 1 in exchange for dismissal of Counts 2 and 3 and reinstatement of probation. The plea waiver form states that the potential sentence on the admitted count was three years. Defendant's initials are written next to that calculation.

On June 23, 2010, the juvenile court adjudged defendant a ward and found his maximum term of confinement (MTC) to be 36 months. At that time, he was advised that 35 months and 9 days' confinement time was still available.

On September 17, 2010, a notice of probation violation was filed alleging that defendant had possessed gang paraphernalia, tested positive for illicit drugs, admitted to consuming alcohol, and failed to complete any community service hours.

On September 20, 2010, defendant admitted violating probation. He was retained a ward of the court, and ordered placed in a residential treatment program.

On September 30, 2010, defendant was placed at the Wilderness Recovery Center (WRC).

On February 7, 2011, a notice of probation violation was filed after defendant was terminated from WRC for ongoing noncompliance, gang posturing, and vandalism of group home property. The petition was dismissed and he was again ordered to suitable placement.

---

[1] All further statutory references are to the Welfare and Institutions Code except as otherwise indicated.

On February 14, 2011, defendant was placed at Mary's Help Group Home.

On April 21, 2011, another notice of probation violation was filed after defendant absconded while being transported to juvenile hall due to behavioral issues in the group home. He was arrested on April 27, 2011.

On April 29, 2011, the petition was dismissed and defendant was again ordered into placement.

On May 5, 2011, defendant was placed at Our Common Ground. During his time there, he graduated from high school and was successfully discharged from the program on January 5, 2012.

On January 31, 2012, a notice of probation violation was filed alleging defendant had left home without permission and failed to contact probation.

On February 2, 2012, defendant admitted violating probation. He was released from juvenile hall to community detention on February 21, 2012.

On March 21, 2012, a notice of probation violation alleged that defendant tested positive for marijuana. The following day, he admitted the violation and was continued a ward and ordered to serve 30 to 35 days in juvenile hall. He was released on April 20, 2012.

On May 7, 2012, a notice of probation violation was filed alleging that defendant, then age 17, left home without permission, tested positive for marijuana, possessed and consumed alcohol, and failed to attend his counseling program. A warrant issued for his arrest.

On June 5, 2012, defendant, who was wearing gang attire and was with two acknowledged Norteño associates, was detained while sitting on a bench covered with black-marker gang tags in a park known to be frequented by Norteño gang members. Appellant was carrying a red folding knife, a marijuana pipe, and a black marking pen. Although he gave a false name to the police, they recognized him from prior arrests.

On June 7, 2012, defendant admitted violating probation as alleged in the May 7, 2012 notice of violation. The warrant was recalled and he was detained in juvenile hall pending disposition.

3

A supplemental disposition report filed by the probation department on June 21, 2012, recommended defendant serve a juvenile hall commitment of 150 to 180 days, with 17 days' credit for time served. An attached worksheet notes 31 months and 23 days remained of his MTC.

At the dispositional hearing on June 21, 2012, the juvenile court pronounced its order as follows: "But the Court is going to order that the minor be retained a ward of the court; that, in addition to the time that he has served, that he serve an additional 365 to 841 days. [¶] So if you mess up in the hall or MADF [Main Adult Detention Facility], if you get detained there, they can keep you in for a long, long time. That will begin forthwith. All other orders not in conflict will remain in full force and effect. And all juvenile court proceedings will be dismissed upon his completion of time in juvenile hall or the Main Adult Detention Facility." The dispositional order in the record on appeal states: "JUVENILE HALL TIME/JAIL TIME: In addition to previous time Minor shall be committed to Juvenile Hall for 365 to 841 days. . . . Time to be served forthwith. . . . Other: *Any penal institution* including MADF." (Italics added.) This appeal followed.

## DISCUSSION

### I. Standard of Review

Typically, a juvenile court's dispositional order is reviewed for an abuse of discretion. (*In re Michael D.* (1987) 188 Cal.App.3d 1392, 1395.) An abuse of discretion exists when a lower court's actions exceed or transgress the limitations of the applicable law. (See *Gabriel P. v. Suedi D.* (2006) 141 Cal.App.4th 850, 862.)

### II. Confinement in Any Penal Institution Including MADF

It is settled that a juvenile court cannot order even 18-year-old wards directly to county jail. (*In re Ramon M.* (2009) 178 Cal.App.4th 665, 674; see § 202, subd. (e).)[2] Only after a ward turns 19 can a juvenile court, *upon the recommendation of the*

---

[2] Sanctions permissible at disposition are: "(1) Payment of a fine by the minor. [¶] (2) Rendering of compulsory service without compensation performed for the benefit of the community by the minor. [¶] (3) Limitations on the minor's liberty imposed as a condition of probation or parole. [¶] (4) Commitment of the minor to a local detention or treatment facility, such as a juvenile hall, camp, or ranch. [¶] (5) Commitment of the minor to the Division of Juvenile Facilities, Department of Corrections and Rehabilitation." (§ 202, subd. (e).)

4

*probation officer,* transfer the ward to the custody of the sheriff. (§ 208.5; *In re Charles G.* (2004) 115 Cal.App.4th 608, 618–619 (*Charles G.*).)[3] Here, defendant was 17 years old at the time of disposition. He turned 18 in October 2012, and will turn 19 in October 2013. He will therefore turn 19 eleven months before the maximum term of 841 days expires. We agree with defendant that the dispositional order, as worded, leaves open the possibility that the minor could be detained at county jail during his wardship, which is not authorized by statute under the circumstances of this case. (See *In re Kenny A.* (2000) 79 Cal.App.4th 1, 6 [dispositional order committing an 18-year-old to county jail is unauthorized by statute].) Accordingly, the order constitutes an abuse of discretion.

To correct the dispositional order, defendant asserts that the entire phrase, "any penal institution *including MADF*" must be stricken. (Italics added.) The People note that the phrase "any penal institution" appears on the written dispositional order in the record, but was not part of the juvenile court's oral dispositional order. For that reason, the People concede the phrase "any penal institution" may be stricken from the written dispositional order, an action that this court has the authority to do under our inherent power. (See Pen. Code, § 1260.) The People, however, also contend that the written reference to "any penal institution" is not an unauthorized sentence, relying on *Charles G., supra,* 115 Cal.App.4th 608, 612. The contention lacks merit.

In *Charles G.,* the defendant was adjudged a section 602 ward at age 15. (115 Cal.App.4th 608, 612.) When he was 20 years old and still on probation, he admitted a probation violation after testing positive for drugs. The appellate court found his commitment to an adult facility was permissible. (*Ibid.*) Unlike the defendant in *Charles G.,* however, in the instant case defendant violated probation while he was still a minor.

Juvenile wards may be housed in juvenile hall until they are 19. (§ 208.5, subd.

---

[3] Section 208.5, subdivision (a) states, in part: "Notwithstanding any other law, in any case in which a minor who is detained in or committed to a county institution established for the purpose of housing juveniles attains 18 years of age prior to or during the period of detention or confinement he or she may be allowed to come or remain in contact with those juveniles until 19 years of age, at which time he or she, upon the recommendation of the probation officer, shall be delivered to the custody of the sheriff for the remainder of the time he or she remains in custody, unless the juvenile court orders continued detention in a juvenile facility."

5

(a).)  As the appellate court stated in *In re Kenny A.,* "section 208.5 does permit housing a ward in county jail under certain circumstances, but it does not allow the juvenile court to commit an 18-year-old to county jail as part of its disposition order.  Instead, the statute permits an 18-year-old ward to remain in a county institution for juveniles until age 19.  The statute permits even a 19-year-old ward to remain in a juvenile facility if the court so orders."  (*In re Kenny A., supra,* 79 Cal.App.4th 1, 6.)  We will thus order the entire phrase "any penal institution including MADF" stricken from the juvenile court's dispositional order.

## III.  Length of Sentence

The juvenile court ordered defendant to serve 365 to 841 days (12 to 28 months).  The dispositional order also provides for no early release and no good time credit.  Defendant contends the juvenile court abused its discretion when it imposed such a lengthy sentence.

A juvenile court has substantial discretion in crafting dispositions within the statutory authorization provided in section 202.  (See *In re Eddie M.* (2003) 31 Cal.4th 480, 507.)  Defendant admits "No published authority addresses a lengthy juvenile hall commitment as a valid order of wardship probation."  We have summarized his extensive history with the juvenile justice system.  While he achieved some success at Our Common Ground, including graduating from high school, he continued to violate his probation after he left that program.  Thus, it is understandable that the juvenile court felt it had no other option than to order him to serve a lengthy juvenile hall commitment.  We therefore conclude the court did not commit an abuse of discretion in ordering him to serve a minimum of 365 days in juvenile hall.

## IV. Calculation of Defendant's MTC

Defendant claims the juvenile court erred in failing to calculate his MTC and failing to apply credit for time spent in custody prior to disposition.  As noted above, a worksheet attached to the supplemental disposition report states that 31 months and 23 days remained of defendant's MTC.  Defendant does not contest this calculation, and the

dispositional order does not exceed that limit.  Further, defendant at all times during this wardship proceeding was aware that he was subject to a three-year MTC.

The People concede defendant is entitled to predisposition custody credit.  We agree with defendant that he is entitled to 17 days of credit.

## DISPOSITION

The judgment of wardship is modified to strike "any penal institution including MADF" from the June 21, 2012 dispositional order.  The order is also modified to reflect defendant is entitled to 17 days of credit.  As so modified, the judgment of wardship is affirmed.

_____

Dondero, J.

We concur:

_____

Margulies, Acting P. J.

_____

Banke, J.

7

*In re Anthony S.; People v. Anthony S., A135967*