Filed 4/19/22  In re G.J. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re G.J., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>G.J.,<br><br>        Defendant and Appellant. | A162297<br><br>(Solano County<br>Super. Ct. No. J044297) |

Appellant was declared a ward of the court under Welfare and Institutions Code[1] section 602.  He contends the juvenile court abused its discretion by ordering his placement in a locked juvenile facility, Challenge Academy, rather than a less restrictive placement.  We conclude the juvenile court acted within its discretion and affirm the placement order.

**I.**

**BACKGROUND**

In 2018, appellant was declared a ward of the court following his admission to an assault.  Between 2018 and 2019, appellant faced various charges for battery, assault, vandalism, and felony residential burglary.  As a

_____

[1] All statutory references are to the Welfare and Institutions Code.

result of an admission to a battery charge, the juvenile court placed appellant on probation in his mother's home.

Shortly thereafter, another juvenile wardship petition was filed by the Solano County District Attorney, charging appellant with felony assault by means likely to produce great bodily injury. That count was subsequently dismissed, and appellant admitted a newly added count of violation of a court order of probation. The court found appellant had failed to reform while on probation in the custody of his mother and ordered placement in a foster home or institution.

The probation department noted it was looking for appropriate treatment programs with suitable therapeutic curriculums. In mid-April 2020, it placed appellant at the Children's Home of Stockton, a short-term residential therapeutic program (STRTP). Approximately two weeks later, appellant failed his placement due to "a pattern of AWOLing[2] in and out of the facility, use of substances, bringing contraband on campus and overall non-compliance with program rules." Appellant was detained at the Solano County Juvenile Detention Facility (JDF) while awaiting another placement. During that time, appellant was provided with extra mental health supports, including individual counseling.

In June 2020, the probation department was able to secure a placement for appellant at Creative Alternatives. Two days after his placement, appellant absconded from Creative Alternatives with another youth, and staff was unable to locate appellant. A bench warrant was issued for appellant's arrest. He was subsequently arrested and blamed his conduct on the program's lack of structure and the staff. He stated he did not want to be

---

² Absent without leave (AWOL).

placed in a group home because " '[i]t's not good energy,' " " '[i]t's making it worse,' " and he would " 'rather be in jail.' "

Despite appellant's opposition, the probation department recommended appellant be placed at another STRTP. The probation department recommended that "another attempt at STRTP level placement is warranted prior to graduating to" the Challenge Academy, and noted "the knowledge of a possible looming future Challenge Academy commitment may also lend itself as a deterrent [to AWOL behavior]." Appellant was placed at Courage to Change, and the court authorized use of an electronic monitoring device to discourage AWOL behavior.

Less than a month later, appellant again absconded from his placement. He also disabled the electronic monitoring device. A bench warrant was again issued for appellant's arrest. Appellant was taken into custody approximately two months later and detained at the JDF.

The subsequent probation report noted appellant had been participating in individual counseling and substance abuse counseling at Courage to Change, but he currently "is not availing himself for [*sic*] counseling and therapy." The report further noted appellant "has developed a significant pattern of leaving his placement programs without permission."

A joint assessment report also was submitted to the court by the Solano County Department of Health and Social Services, Child Welfare Services Division, and the Solano County Probation Department, Juvenile Services Division. The report recounted appellant's history of violence, his failure to avail himself of services, and his "not yet resolved" delinquency issues. Apart from Courage to Change and Creative Alternatives, the report noted appellant had failed two group homes and two STRTPs. The report also explained, "In order to achieve the ultimate goal of reunification, it is

3

believed that an escalation in probation services is warranted at this time in order to provide [appellant] the opportunity to stabilize and address his treatment need areas in a more secure treatment setting." The report recommended a commitment to Challenge Academy, as "the best opportunity [for appellant] to stabilize, make a positive behavioral adjustment, address his treatment need areas and work towards reunification with the mother."

Following a contested hearing, the court ordered appellant placed at Challenge Academy. Appellant timely appealed.

## II.

## DISCUSSION

"We review the [juvenile] court's placement decision for an abuse of discretion. [Citation.] We review the court's findings for substantial evidence, and ' "[a] trial court abuses its discretion when the factual findings critical to its decision find no support in the evidence." ' " (*In re Nicole H.* (2016) 244 Cal.App.4th 1150, 1154.) In reviewing the court's decision, we are mindful of the twofold purposes of the juvenile delinquency laws: "(1) to serve the 'best interests' of the delinquent ward by providing care, treatment, and guidance to rehabilitate the ward and 'enable him or her to be a law-abiding and productive member of his or her family and the community,' and (2) to 'provide for the protection and safety of the public.' " (*In re Charles G.* (2004) 115 Cal.App.4th 608, 614–615.)

Appellant argues the juvenile court erred in placing him at Challenge Academy because the record does not demonstrate less restrictive alternatives are ineffective or inappropriate or that Challenge Academy would benefit him.

## A. *Less Restrictive Alternative*

Appellant argues the evidence does not demonstrate returning him to an STRTP with electronic monitoring and extensive services " 'would be ineffective or inappropriate.' " We disagree.

Appellant has been placed in numerous group homes and STRTPs during his time in both the dependency and delinquency systems. However, the longest time he has stayed in any one place was while at the JDF. Most recently, appellant was placed in three different STRTPs. He remained at Children's Home of Stockton for approximately two weeks before failing the placement due to a range of negative behavior including "a pattern of AWOLing in and out of the facility." He remained at Creative Alternatives for two days before absconding from the placement, and a bench warrant was issued for his arrest. Appellant was then placed at Courage to Change with an electronic monitoring device. The probation department hoped the electronic monitoring along with the more remote location of the program would deter appellant's AWOL behavior. However, he remained at Courage to Change for less than a month before absconding and disabling the electronic monitoring device. And the court again issued a bench warrant for his arrest.

While appellant argues there is no evidence he would abscond from a future placement, the probation department noted appellant "appeared to lack insight or remorse" about his AWOL behavior, and he continued to blame others for his conduct. Appellant's mother also expressed doubt that appellant would behave in a responsible or accountable manner, and was concerned about his safety and drug use while AWOL from his placements.[3]

---

[3] Appellant argues the probation department made no effort to find an STRTP to accept him. But the probation department acknowledged it probably could find an STRTP to accept appellant. Rather, the probation

Finally, appellant argues placement at Challenge Academy is inappropriate given the nature of his probation violations. Appellant argues the majority of minors at Challenge Academy have recently committed serious offenses, whereas appellant has not. He contends a more restrictive STRTP would be more appropriate. But the juvenile court previously attempted a more restrictive STRTP—namely, Courage to Change with electronic monitoring—without success. The mere fact that Challenge Academy is often utilized by more serious offenders does not make the placement inappropriate for appellant.[4]

## B. *Benefit to Appellant*

Appellant also argues the record does not support a finding that placement at Challenge Academy was in his best interest because the probation department failed to identify the relevant programs available at Challenge Academy to address his emotional and educational needs. Again, we disagree.

Section 202, subdivision (b) requires that delinquent minors "receive care, treatment, and guidance that is consistent with their best interest, that holds them accountable for their behavior, and that is appropriate for their circumstances." Similarly, California Rules of Court, rule 5.790(h)(3) provides: "The decision regarding choice of placement [of a minor removed from his or her parent's care] must take into account . . . [¶] . . . [¶] . . . [t]hat

---

officer testified the STRTP advocated by appellant's expert, Summit View, had already denied placement, it was unlikely to alter that decision, and the probation department believed a secure and more structured facility was the best option for appellant.

[4] Moreover, we note appellant has a history of assault, battery, and felony burglary charges.

the setting is the environment best suited to meet the child's special needs and best interest."

Undoubtedly, appellant has past trauma and mental health issues that require treatment. However, efforts to provide relevant treatment have been unsuccessful because of appellant's AWOL behavior. The record indicates appellant "has a history of receiving multiple opportunities for intensive community-based treatment and specialty mental health services . . . . He has also received multiple opportunities for in-patient therapeutic services during episodes of out of home placement . . . ." However, those placements resulted in appellant absconding after very short periods of time "with little to no engagement in services."

Moreover, a supplemental probation department report notes Challenge Academy "offers a level of behavioral health support services" albeit not as intensive as those offered by STRTPs. At the disposition hearing, the probation officer testified Challenge Academy would provide appellant with access to mental health counseling, including the option of supplemental mental health sessions by a community provider, and family therapy. He also testified Challenge Academy provides a cognitive behavior program involving reasoning and rehabilitation, aggression replacement therapy, vocational training assistance, and educational services. He described it as "above and beyond" the normal JDF offerings.

Appellant relies on *In re Carlos J.* (2018) 22 Cal.App.5th 1 (*Carlos J.*) and *In re Angela M.* (2003) 111 Cal.App.4th 1392 (*Angela M.*) to assert this description of services is inappropriate. In *Carlos J.*, the juvenile court initially placed the minor with the Division of Juvenile Facilities (DJF) based almost exclusively on the seriousness of the offense. (*Id.* at p. 9.) Our colleagues in Division Five reversed the placement order. (*Id.* at p. 15.) They

7

noted the juvenile court identified various needs of the minor, such as treatment for posttraumatic stress disorder and minimizing his gang affiliation. However, the record did not demonstrate that such needs could be met via placement at the DJF. (*Id.* at pp. 10–11.) The court concluded, "Considering the significance of a decision to send a minor to the DJF . . . , it is reasonable and appropriate to expect the probation department, in its report or testimony, to identify those programs at the DJF likely to be of benefit to the minor under consideration." (*Id.* at p. 12.)

Here, appellant's placement at Challenge Academy was not a punishment for the seriousness of his crime but rather designed to address one of his primary needs—a secure environment to counter appellant's ongoing AWOL behavior. Unlike the minor in *Carlos J.*, whose initial placement was with the DJF, the juvenile court did not place appellant immediately at Challenge Academy. Rather, the court attempted home placement, group homes, various STRTPs, and an STRTP with an electronic monitoring device. Only when all of those placements were unsuccessful did the court place appellant at Challenge Academy.[5] Moreover, unlike *Carlos J.*, where the record lacked any evidence of relevant programs, the probation officer's testimony at the disposition hearing provided an overview of programs and therapy available at Challenge Academy, including the ability to bring in supplemental mental health services for appellant.

---

[5] This series of placements follows the general statutory scheme, as noted by the court in *Carlos J.*, which " ' "contemplates a progressively more restrictive and punitive series of dispositions starting with home placement under supervision, and progressing to foster home placement, placement in a local treatment facility, and finally placement at the [DJF]." ' " (*Carlos J.*, *supra*, 22 Cal.App.5th at p. 6.)

*Angela M.* also does not help appellant's position as it *affirmed* the minor's commitment to the California Youth Authority (CYA). In that matter, the minor was committed to the CYA after the court concluded an alternative facility was inappropriate because the minor was "not motivated for treatment, was too aggressive and impulse driven," "needed a structured behavior modification approach prior to group therapy," and was " 'too defiant, gang entrenched, and uncooperative.' " (*Angela M., supra*, 111 Cal.App.4th at p. 1396.) The appellate court explained "the court reasonably concluded [the alternative facility] could not accommodate [the minor's] needs," and the commitment to the CYA was not an abuse of discretion.[6] (*Id.* at p. 1397.)

In light of appellant's consistent pattern of absconding from his placements, it was logical for the juvenile court to identify a secure facility as the highest priority to meet appellant's needs. While the forms of therapy available at Challenge Academy may not be perfect, appellant has not demonstrated that they would not be beneficial. The record indicates he stabilized during his periods of confinement at the JDF, and he earned almost all of his high school credits while in custody at the JDF. The services available at other facilities are meaningless if appellant absconds and is not present to engage in them. Accordingly, we cannot conclude the juvenile court abused its discretion in placing appellant at Challenge Academy.

## III.

## DISPOSITION

The disposition order is affirmed.

---

[6] While the juvenile court remanded for additional findings on the minor's educational needs, it was solely to include that information with the commitment order to the CYA. (*Angela M., supra*, 111 Cal.App.4th at p. 1399.)

MARGULIES, J.


WE CONCUR:


HUMES, P. J.


EAST, J.*


A162297
*In re G.J.*

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10