Filed 8/13/15  In re Skylar G. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re SKYLAR G., a Person Coming Under the Juvenile Court Law. | |
| | D066945 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. J226957) |
| v. | |
| SKYLAR G., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Browder A. Willis, Judge.  Affirmed with directions.

Stephen M. Vasil, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Eric A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Skylar G. challenges the sufficiency of the evidence supporting the juvenile court's true finding that he unlawfully drove or took his mother's car. (Veh. Code, § 10851, subd. (a).) We conclude substantial evidence supports the juvenile court's true finding.

Skylar also asserts the juvenile court made a clerical error when citing to a Penal Code section rather than a Welfare and Institutions Code section as the basis for reducing the Vehicle Code count to a misdemeanor. The People do not oppose his request to amend the minute order to reference the Welfare and Institutions Code, and we shall direct the juvenile court to do so.

Finally, Skylar initially raised two additional issues, but recognizes they are now moot. We agree.

We affirm the order, and remand the case for correction of the minute order.

FACTUAL AND PROCEDURAL BACKGROUND

The People filed a petition under Welfare and Institutions Code section 602 charging Skylar with two felonies: unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)) and receiving stolen property (Pen. Code, § 496d). At a contested jurisdictional hearing, the juvenile court heard testimony from a deputy sheriff and Skylar's mother.

*The Deputy Sheriff's Testimony*

Deputy Sheriff Eric Cottrell testified that about 7:00 a.m. on July 25, 2014, he responded to a reported battery between a mother and daughter at a house in Vista. When Cottrell escorted the daughter outside to place her under arrest, he saw Skylar,

2

whom Cottrell suspected was the daughter's boyfriend, laying on the ground by a bush. Cottrell approached and questioned him.

Skylar told Cottrell he drove to the location in his mother's car, spent the night, and was waiting outside to go home or see his mother again. Cottrell asked Skylar "if he drove [the car]. He said, yes." Skylar had the keys in his pocket and handed them to Cottrell. The car was parked three or four blocks west of Skylar's girlfriend's house. Skylar gave Cottrell his mother's phone number.

Cottrell called Skylar's mother and asked if she knew where Skylar was. She said she did not. Cottrell asked her if she knew Skylar had her car. Again, she said she did not. Finally, Cottrell asked the mother if she gave Skylar permission to drive her car. She said no, adding that if her car was gone it had been stolen because no one had permission to take it.

*Skylar's Mother's Testimony*

Skylar's mother testified that on July 24, 2014, she gave Skylar's friend, Kyle, permission to drive her car. She had given Skylar permission to drive it in the past, but not on this occasion. The mother explained that Skylar and Kyle had been working on a scooter in the mother's driveway, but she asked them to work on it somewhere else because the city had previously contacted her about having "parts and stuff" cluttering her property. The mother gave Kyle permission to drive her car to Skylar's girlfriend's house, and watched as Skylar put the scooter in the trunk and Kyle drove the car away.

The next morning, Deputy Cottrell called the mother. When asked if Skylar had permission to drive her car, she responded, "kind-a-sort-of," meaning that she had given

3

*Kyle* permission.  Cottrell asked the mother if she knew "that it's against California state law to let an unlicensed driver drive your vehicle and you can be arrested for contributing to the delinquency of a minor."[1]  He then asked again whether the mother gave Skylar permission to drive her car.  This time she said she did not.

### The Juvenile Court's Ruling

At the conclusion of the hearing, the juvenile court found the unlawful-taking count to be true and reduced it to a misdemeanor.  The court dismissed the remaining count in the interests of justice.  The court declared Skylar a ward of the court, placed him on probation, and ordered him detained at juvenile hall pending an opening at a drug rehabilitation facility.

## DISCUSSION

I.  *Substantial Evidence Supports the True Finding on the Vehicle Code Count*

Skylar contends insufficient evidence supports the juvenile court's true finding on the Vehicle Code count.  In particular, he challenges the sufficiency of the evidence showing he had the specific intent to deprive his mother of possession of her car.  We are not persuaded.

A.  *Standard of Review*

In reviewing a challenge to the sufficiency of the evidence in a juvenile delinquency case, we apply the same substantial evidence standard of review that we apply in adult criminal proceedings.  (See *In re Arcenio V.* (2006) 141 Cal.App.4th 613, 615.)  Under this standard, "we examine the entire record in the light most favorable to

---

[1] Deputy Cottrell testified he had no recollection of saying this.

4

the prosecution to determine whether it contains reasonable, credible and solid evidence from which the [trier of fact] could find the defendant guilty beyond a reasonable doubt. If the circumstances reasonably justify the verdict, we will not reverse simply because the evidence might reasonably support a contrary finding." (*In re Daniel G.* (2004) 120 Cal.App.4th 824, 830.) " 'The test on appeal is whether there is substantial evidence to support the conclusion of the trier of fact; it is not whether guilt is established beyond a reasonable doubt. [Citation.] [¶] Before the judgment of the trial court can be set aside for insufficiency of the evidence . . . , it must clearly appear that upon no hypothesis whatever is there sufficient substantial evidence to support it.'. . ." (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1372.)

"The testimony of just one witness is enough to sustain a conviction, so long as that testimony is not inherently incredible." (*In re Daniel G., supra*, 120 Cal.App.4th at p. 830.) "The trier of fact determines the credibility of witnesses, weighs the evidence, and resolves factual conflicts. We cannot reject the testimony of a witness that the trier of fact chooses to believe unless the testimony is physically impossible or its falsity is apparent without resorting to inferences or deductions." (*Ibid.*)

### B. *Analysis*

The juvenile court found it true that Skylar violated Vehicle Code section 10851, subdivision (a). The elements of this offense are: (1) the defendant drove or took a vehicle belonging to another person; (2) without the owner's consent; and (3) with the specific intent to permanently or temporarily deprive the owner of title or possession.

(*People v. O'Dell* (2007) 153 Cal.App.4th 1569, 1574.)  Criminal intent " ' "may be inferred from all the facts and circumstances of the particular case." ' "  (*Id.* at p. 1577.)

The first two elements are easily satisfied here.  Deputy Cottrell testified (1) Skylar stated he had driven his mother's car, and (2) Skylar's mother stated she had not given him—or *anyone*—permission to do so.  This testimony alone is sufficient to establish the first two elements.  (*In re Daniel G., supra*, 120 Cal.App.4th at p. 830.)  In addition, Skylar's mother testified she had not given him permission to drive her car on this occasion.

Skylar's primary challenge is to the third element—his specific intent to deprive his mother of possession of her car.  He acknowledges this element can be established with "evidence that [his] mother for[bade] him to drive her car or that [he] otherwise knew or reasonably should have known that he was not allowed to drive her car on July 24."  However, he argues that because his mother had given him permission to drive her car on previous occasions, he "may have believed" he was allowed to do so on this occasion, and the juvenile court could not reach a contrary conclusion without "at least some information about customary practices in [Skylar]'s family."  We disagree.  First, the juvenile court may not have found the mother's testimony—the sole source of evidence regarding the supposed previous grants of consent—credible, based on the apparent conflicts between it and Deputy Cottrell's testimony.  We do not second-guess the fact finder's credibility determinations.  (*In re Daniel G., supra*, 120 Cal.App.4th at p. 830.)  Second, even assuming the juvenile court found credible Skylar's mother's claim that she had given him permission to drive her car on previous occasions, she testified

6

that on *this* occasion—when Skylar and Kyle were together—she gave permission to Kyle but not to Skylar.  This, coupled with the fact that Skylar apparently did not have a driver's license, is sufficient to support the inference that Skylar "knew or reasonably should have known that he was not allowed to drive [his mother's] car on July 24."

II.      *"Clerical Error" in the Minute Order*

The People charged Skylar with vehicle theft as a felony, but the juvenile court stated during the jurisdictional hearing that it was, on its own motion, reducing the count to a misdemeanor.  The court did not state on the record its authority for doing so, but its minute order cites Penal Code section 17, subdivision (b)(5).[2]  Skylar contends this provision is inapplicable and the court should have instead cited Welfare and Institutions Code section 702.[3]  He asks that we amend the minute order accordingly or direct the juvenile court to do so.  The People do not oppose Skylar's request.  We grant the request and direct the juvenile court to amend its August 19, 2014 minute order by replacing the reference to Penal Code section 17, subdivision (b)(5) with a reference to Welfare and Institutions Code section 702.

---

[2]     This subdivision states that an offense that can be charged as either a felony or a misdemeanor—a so-called "wobbler" (*People v. Park* (2013) 56 Cal.4th 782, 789)—is a misdemeanor "[w]hen, at or before the preliminary examination or prior to filing an order pursuant to [Penal Code] Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."  (Pen. Code, § 17, subd. (b)(5).)

[3]     Welfare and Institutions Code section 702 provides that when a "minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony."

7

### III.    *Moot Issues*

Skylar initially also challenged on appeal the juvenile court's failure to (1) award him predisposition custody credit and (2) specify the maximum period of confinement. He now contends these challenges were mooted by the juvenile court's subsequent order terminating jurisdiction over Skylar.  We agree and decline to address them.  (*In re Charles G.* (2004) 115 Cal.App.4th 608, 611 [termination of probation renders minor's complaints about probation conditions moot]; *In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315 ["When no effective relief can be granted, an appeal is moot and will be dismissed."].)

### DISPOSITION

The order is affirmed.  The case is remanded to the juvenile court with direction to amend its August 19, 2014 minute order by replacing the reference to Penal Code section 17, subdivision (b)(5) with a reference to Welfare and Institutions Code section 702.


HALLER, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.