Filed 8/9/21  P. v. McDaniel CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C091649 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE021229) |
| v. | |
| JASON DEMOND MCDANIEL, | |
| Defendant and Appellant. | |

Defendant Jason Demond McDaniel was found guilty of misdemeanor resisting a peace officer.  He was sentenced to time served in county jail and granted three years' informal probation.  On appeal, he contends his probation must be reduced to one year in light of Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Bill No. 1950).  Finding defendant is no longer subjected to three years' probation upon which the appeal rests, we shall dismiss the appeal as moot.

1

We dispense with the facts of defendant's crime as they are unnecessary to resolve this appeal. We incorporate the relevant procedural facts in our discussion.

On February 25, 2020, defendant was found guilty of misdemeanor resisting a peace officer. (Pen. Code, § 148, subd. (a)(1).) On March 2, 2020, the trial court sentenced defendant to 180 days in county jail and credited him for time served. The court then granted defendant three years of informal probation. Defendant appealed on the day of sentencing.

While this appeal was pending, Bill No. 1950 (Stats. 2020, ch. 328) went into effect. That bill changed the permissible length of probation under Penal Code section 1203.1 for felony cases to a maximum of two years and under Penal Code section 1203a in misdemeanor cases to a maximum of one year.

Defendant contends Bill No. 1950 applies retroactively and requires his probation term to be reduced to one year. The People agree.

On February 16, 2021, the trial court, pursuant to a stipulation between the parties, modified defendant's sentence to one-year probation. In defendant's reply brief, he notes this modification may moot his appeal.

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' " (*People v. Herrera* (2006) 136 Cal.App.4th 1191, 1198.) Defendant's sole argument on appeal is that his probation term should be reduced to one year under Bill No. 1950. As a result, his appeal has been mooted by the trial court's modification of his sentence because we would be unable to grant him any effective relief on appeal. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120, fn. 5; *People v. Moran* (2016) 1 Cal.5th 398, 408, fn. 8; *In re Charles G.* (2004) 115 Cal.App.4th 608, 611.)

2

Where there is a matter of broad public interest that is likely to recur, or the same controversy is likely to recur between the parties, we may exercise our discretion to resolve the issue.  (See, e.g., *People v. Carbajal, supra*, 10 Cal.4th at p. 1120, fn. 5; *In re Anna S.* (2010) 180 Cal.App.4th 1489, 1498.)  This is not the case here as the trial court's ruling completely resolved the parties' dispute and courts addressing Bill No. 1950 have already unanimously found Bill No. 1950 does apply retroactively to cases not yet final.  (*People v. Sims* (2021) 59 Cal.App.5th 943, 955-964 [finding Bill No. 1950 is "an ameliorative change . . . that is subject to the *Estrada* presumption of retroactivity.  The Legislature did not include a savings clause or other clear indication that the two-year limitation applies on a prospective-only basis"]; *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885 [same]; *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1071-1074 [same], review granted June 30, 2021, S268787.)

## DISPOSITION

The appeal is dismissed as moot.

> /s/
> RAYE, P. J.

We concur:

/s/
HOCH, J.

/s/
KRAUSE, J.

3